PITTMAN, Judge,
concurring specially.
I concur in the main opinion, specifically including that portion of the main opinion construing the “pain” exception to recovery under the schedule of members in the Workers’ Compensation Act as being limited to pain that “completely, or almost completely, physically debilitates the worker.” 133 So.3d at 392. That test is consistent with the principles of law set forth in Alabama Workmen’s Comp. Self-Insurers Guar. Ass’n, Inc. v. Wilson, 993 So.2d 451, 453-54 (Ala.Civ.App.2006), which I authored. Moreover, I believe that such a stringent standard is in keeping with the intent of the Act as amended in 1992, when the legislature expressly recognized that the workers’ compensation laws and decisions then prevailing “ha[d] unduly increased cost to employers in the state, driven away jobs, and produced no concomitant benefit.” Act No. 92-537, 1992 Ala. Acts, § 1. In my view, in order to ward off a return of those unwanted effects, the judiciary must remain vigilant to prevent the expansion of liability under the Act in the area of scheduled-member injuries to only those situations in which a genuinely debilitating physical impairment has occurred.